1
2
3
4
5                           UNITED STATES DISTRICT COURT
6                               DISTRICT OF NEVADA
7
8    ROBERT LEE STEPHENS,                      Case No. 2:14-cv-00971-APG-VCF
9                          *Petitioner*,
                                                              **ORDER**
10   vs.
11   DWIGHT NEVEN, *et al.*,
12                        *Respondents*.
13
14        This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry as
15   to whether the petition is subject to dismissal with prejudice as time-barred for failure to file the petition
16   within the one-year limitation period in 28 U.S.C. § 2244(d)(1).  This order follows upon an earlier
17   show-cause order (Dkt. #4), a response (Dkt. #8) by respondents with respect to the prison mail log, and
18   petitioner's response (Dkt. #9) thereafter to the show-cause order.
19                                    ***Background***
20        The relevant procedural history is not disputed by petitioner.
21        Petitioner Robert Lee Stephens was convicted, pursuant to a guilty plea, of conspiracy to commit
22   robbery and robbery with the use of a deadly weapon.
23        The Supreme Court of Nevada affirmed the conviction on appeal in a November 5, 2010, order
24   of affirmance in No. 56341 in that court.  The time period for filing a *certiorari* petition in the United
25   States Supreme Court expired on February 3, 2011.
26        Before the time for seeking *certiorari* review expired, on January 7, 2011, petitioner filed a state
27   post-conviction petition.  The state district court denied relief, and the Supreme Court of Nevada
28   affirmed on September 15, 2011, in No. 58214 in that court.  The remittitur issued on October 12, 2011.

1    After 103 days had passed, on January 24, 2012, petitioner filed a motion to withdraw guilty
2 plea. The state district court denied relief. On November 15, 2012, the Supreme Court of Nevada
3 affirmed in No. 60506 in that court, holding, *inter alia*, that the motion was barred by laches. Following
4 the denial of a petition for rehearing, the remittitur issued on February 25, 2013.

5    On June 17, 2014, the Clerk of this Court received and filed the federal petition in this matter.
6 The petition purports to be signed on November 15, 2013, and petitioner asserts in a response to an
7 inquiry on the first page of the petition that it was mailed on November 21, 2013.

8    In response to a provision of the show-cause order, respondents have informed the Court that
9 the institution in which petitioner is held, High Desert State Prison, no longer maintains an outgoing
10 mail log. Respondents further could not determine a date for a financial "brass slip" reflecting when
11 the petition might have been mailed, and respondents assert that the petition could have been mailed
12 without a brass slip. Respondents attach a copy obtained from the Clerk of a money order receipt
13 reflecting that a money order was issued on June 11, 2014, for payment of the filing fee.

14             ***Discussion***

15    Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* has raised the
16 question of whether the petition is time-barred for failure to file the petition within the one-year
17 limitation period in 28 U.S.C. § 2244(d)(1).

18  ***Base Calculation of the Limitation Period***

19    Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled
20 or subject to delayed accrual, begins running after "the date on which the judgment became final by the
21 conclusion of direct review or the expiration of the time for seeking such direct review." However,
22 under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of
23 a properly filed application for state post-conviction relief or for other state collateral review.

24    In the present case, petitioner's January 7, 2011, timely state post-conviction petition statutorily
25 tolled the running of the federal limitation period prior to the expiration of the time for seeking
26 *certiorari* review. The petition tolled the limitation period through the issuance of the remittitur on
27 October 12, 2011. Accordingly, absent other tolling or delayed accrual, the limitation period would
28 expire one year later, on October 12, 2012.

1    Petitioner thereafter filed a motion to withdraw guilty plea.  However, an untimely state
2    proceeding does not constitute a properly filed application and therefore does not statutorily toll the
3    limitation period.  *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005).  The Court holds that a proceeding
4    barred by laches is not a properly filed proceeding under *Pace* for purposes of statutory tolling.  *Accord*
5    *Webb v. Baker*, No. 2:12-cv-02097-MMD-VCF, 2013 WL 1874755, at *1 (D. Nev. May 3,
6    2013)(similar); *see also Carey v. Saffold*, 536 U.S. 214, 222-23 (2002)(indeterminate California time-
7    bar).  Under this holding, the federal limitation period expired on the above October 12, 2012, date.

8    If the Court were to assume, *arguendo*, instead that the motion to withdraw guilty plea
9    statutorily tolled the federal limitation period, the limitation period then would expire on November 14,
10   2013.  The motion was filed on January 24, 2012, after 103 days already had elapsed, absent other
11   tolling or delayed accrual.  Any *arguendo* statutory tolling from the motion would have ended with the
12   issuance of the remittitur on the appeal on February 25, 2013.  Absent other tolling or delayed accrual,
13   the limitation period would expire under this *arguendo* assumption 262 days later, on November 14,
14   2013.

15   Accordingly, under the Court's holding herein and absent other tolling or delayed accrual, the
16   limitation period expired on October 12, 2012.  Even on an *arguendo* assumption that the laches-barred
17   motion to withdraw guilty plea also statutorily tolled the limitation period, the one-year period
18   putatively expired on November 14, 2013.

19   ***Petitioner's Response***

20   Petitioner seeks equitable tolling based on the fact that the prison no longer maintains a mail log
21   for outgoing legal mail.

22   The Court – quite frankly – also is concerned as to the advisability, generally, of discontinuing
23   a mail log for outgoing legal mail.  Even if the Court were to assume that the prison continues to log
24   outgoing notices of appeal under NDOC AR 722.07(1),[1] there are numerous other situations where
25   resort to a mail log is needed to determine whether or when inmate legal mail was sent.  *Inter alia*,

26   _____

27   [1]The current administrative regulation can be found, *inter alia*, at:

28   http://www.doc.nv.gov/sites/doc/files/pdf/ar/AR722.pdf

1   while the prison mailbox rule does not apply to determine a constructive filing date for Nevada state

2   post-conviction petitions, the prison mailbox rule of course does apply to determine the filing date of

3   federal habeas petitions by proper person inmates.  The absence of a mail log for outgoing inmate legal

4   mail potentially creates situations where an evidentiary hearing may be required or where the inmate

5   possibly simply will be given the benefit of the doubt.

6          The benefit of that doubt will not help petitioner in this case, however.

7          Petitioner asserts in his show-cause response as follows:

8                  On November 15, 2013 . . . The [sic] Petitioner, one Robert Lee
        Stephens (hereafter Stephens) walked into High Desert State Prison's
9       Legal Library, to procure the assistance of the front desk inmate law
        clerk, Mitchell Harris, for mailing of his timely submitted federal
10      petition for a writ of habeas corpus . . . .  The inmate law clerk proceeded
        to weigh the out . . . [sic] going legal mail of Petitioner, then inform [sic]
11      Stephens of the total amount required in postage, to permit appropriate
        mailing.  Next Petitioner of his own volition, affixed exactly 10 U.S.
12      postal "Forever" stamps to the envelope, thus ensuring that his legal mail
        would be logged and sent out expediently. . . . .
13

14  Dkt.#9, at 2.

15         In contrast, petitioner asserts in his supporting declaration under penalty of perjury:

16                 4.  I am the Petitioner in federal case #2:14-cv-00971-APG-VCF
        and I did submit a federal petition for writ of habeas corpus and motion
17      to proceed in forma pauperis on or about 11.15.2013.

18                 5.  I did mail all of the above mentioned documents from
        H.D.S.P. legal library on 11.21.13.  When Affiant witnessed Mitchell
19      Harris a law clerk put the legal mail with correct postage, in the out-
        going mail basket.
20
    *Id.*, at 5.[2]
21

22         The petition itself is signed as of November 15, 2013, and petitioner responded "11/21/13" to

23  the query on the first page of the petition as to the date that the petition was mailed.

24         Even a November 15, 2013, alleged mailing date would not make the federal petition timely

25  given that the limitation period expired eleven months earlier on Friday, October 12, 2012.

26  _____

27      [2]The Court notes that the federal petition filed by the Clerk on June 17, 2014, was accompanied by payment of
    the filing fee, not a pauper application.

28      Petitioner should not include his social security number in court filings.

                                        -4-

1    Moreover, even a November 15, 2013, alleged mailing date would not make the federal petition

2    timely even if the Court *arguendo* assumed that the limitation period expired instead on Thursday,

3    November 14, 2013.[3] In that *arguendo* circumstance, petitioner nonetheless constructively filed the

4    petition one day after the federal limitation period expired.

5    Petitioner advances no other basis for tolling or delayed accrual that would overcome the tardy

6    filing. The change in the mail log policy did not cause petitioner to miss either the October 12, 2012,

7    expiration date or an *arguendo* November 14, 2013, expiration date.[4] Petitioner instead missed both

8    such dates because he "walked into High Desert State Prison's Legal Library" to mail the petition, at

9    best, no earlier than November 15, 2013, after the expiration of the federal limitation period.

10   Petitioner accordingly has failed to present a potentially viable basis for equitable tolling . The

11   petition therefore will be dismissed with prejudice as time-barred.[5]

12   **IT THEREFORE IS ORDERED** that petitioner's show-cause response, presented as a motion

13   (Dkt. #9) for order to show cause, is DENIED as such and that the petition is DISMISSED with

14   prejudice as time-barred.

-----

16   [3]Such a conclusion of course follows with even greater force using instead the November 21, 2013, mailing date stated both on the petition and in petitioner's supporting declaration.

18   [4]Petitioner asserts that "there was nothing posted in the legal resource center letting the general [prison]
19   population know about something so hugely critical." Dkt. #9, at 2. If petitioner did not know that the mail log had
     been discontinued in November 2013, then the fact that the mail log had been discontinued could not affect his decision
     of when to go to the law library to mail the petition. If he was relying on the belief that there still was a mail log, then,
20   obviously, such reliance did not lead him to mail the petition prior to, at the earliest, November 15, 2013, after the
     limitation period already had expired. There simply is no causal connection between the absence of a log – about which
     plaintiff learned later – and petitioner's untimely constructive filing. The mail log pertains only to proof of mailing.

22   [5]The show-cause order both outlined the governing legal standard for equitable tolling and informed petitioner
     that his show-cause response must be supported by competent evidence that was specific as to time and place. See Dkt.
23   #4, at 3 & 4-5.

24   Petitioner maintains that his inquiry to the Clerk in May 2014 corroborates his account that he mailed the
     petition well before the actual June 17, 2014, filing date. Be that is it perhaps may be, on petitioner's own factual
25   representations, he did not mail the federal petition for filing prior to the expiration of the federal limitation period.

26   Petitioner also questions the state supreme court's laches holding on his motion to withdraw guilty plea.
     However, such a determination by the state court as to the application of a state procedural bar is "the end of the matter"
27   for purposes of statutory tolling under § 2244(d)(2). *See, e.g., Trigueros v. Adams*, 658 F.3d 983, 988-98 (9th Cir.
     2011). See also Dkt. #4, at 4 (discussing the noncognizability of petitioner's claims challenging alleged errors in the
28   state collateral review proceedings).

1    **IT FURTHER IS ORDERED** that a certificate of appealability is DENIED.  Jurists of reason

2    would not find the district court's dismissal of the petition as untimely to be debatable or wrong.  The

3    federal limitation period expired on October 12, 2012, and petitioner did not mail the federal petition

4    for filing until November 15, 2013, at the *arguendo* earliest.  Even if the Court were to assume

5    *arguendo* that petitioner's laches-barred motion to withdraw guilty plea statutorily tolled the limitation

6    period, the limitation period nonetheless then would expire on Thursday, November 14, 2013, one day

7    before a purported November 15, 2013, mailing date.  Plaintiff's papers in truth would tend to establish

8    no better than a November 21, 2013, mailing date, but the action clearly is untimely even under an

9    *arguendo* November 15, 2013, mailing date.  Petitioner advances no other basis for tolling, and the

10   prison's discontinuance of its prison legal mail log had no causal relationship to the untimely filing on

11   the facts presented.

12   The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against

13   petitioner, dismissing this action with prejudice.

14   DATED:  8/26/14

15

16

17   _____

18   ANDREW P. GORDON
     United States District Judge

19

20

21

22

23

24

25

26

27

28